UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN A. DIXON,<br><br>                Plaintiff,<br><br>     v.<br><br>JIE L. GOGUEN, *et al.*,<br><br>                Defendants. | Case No. C24-660-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Jie Goguen's Motion to Dismiss and Notice of Related Cases, Dkt. #9. Plaintiff filed a Motion to Strike said Motion, Dkt. #11, as well as a Motion for Sanctions, Dkt. #12, and a Motion for Discovery, Dkt. #13. For the reasons below, the Court GRANTS Defendant's Motion to Dismiss.

Plaintiff has previously filed similar Complaints to the one at issue before this Court. On February 13, 2023, Plaintiff filed a Complaint against Defendant's husband, Matthew S. Goguen, for violations of RCW 4.28.185(4). Case No. 2:22-cv-01785-JHC, Dkt. #27. U.S. District Judge John H. Chun dismissed that case because RCW 4.28.185(4) is a "Washington statute concern[ing] persons service out of state and does not provide a cause of action." Dkt. #35. On March 9, 2023, Plaintiff again filed a similar Complaint against Mr. Goguen, alleging similar

violations of RCW 4.28.185(4), except that time Plaintiff "attempted to recast his claim as one sounding in negligence, basing the duty element on the same statute." Case No. 2:23-cv-00357-JHC, Dkt. #14 at 1. Judge Chun against dismissed Plaintiff's case, this time with prejudice. *Id*.

Here, Plaintiff has filed named his former wife, Jie Goguen, and minor child as defendants. Plaintiff seeks "compensatory damages in the amount of $20,000,000 from Defendant Jie Liang Goguen . . . for causing intentional emotional distress and negligently mishandling procedures that directly led to the improper services of process and the wrongful deprivation of Plaintiff's parental rights." Dkt. #1 at 1. Like Judge Chun's cases, Defendant has moved for dismissal for lack of jurisdiction, but given the substance of Defendant's Motion, the Court construes it as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the

ORDER GRANTING MOTION TO DISMISS - 2

challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

As in Plaintiff's prior case before Judge Chun, Plaintiff again attempts to base the duty element of a negligence claim on RCW 4.28.185(4) and makes no further allegations beyond listing that Defendant "caus[ed] intentional emotional distress." Dkt. #1. As before, Plaintiff cites no legal authority to support basing violations of RCW 4.28.185(4) in a negligence claim, and, as Judge Chun pointed out, it is not "apparent how the statute could give rise to a duty owed by a plaintiff to a defendant that could serve as the basis for a negligence claim." Case No. 2:23-cv-00357-JHC, Dkt. #14 at 1. Plaintiff's Motion to Strike this instant Motion does not attempt to address these deficiencies but instead demands sanctions against Defendant for including the minor child's full name and for "[t]he inclusion of profane language[.]" These alleged sanction-worthy terms come from Defendant's exhibits of related cases in her Motion to Dismiss, which are all quotes from court orders from King County Superior Court. Dkt. #9.

Accordingly, the Court concludes that Plaintiff's Complaint lacks any cognizable legal theory. Furthermore, dismissal with prejudice is warranted here because, after several attempts with this theory before two judges of this Court, it is clear to the Court that Plaintiff's Complaint cannot be cured of these deficiencies. *See Schreiber Distrib. Co.*, 806 F.2d at 1401.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, Dkt. #9, and DISMISSES this matter with prejudice. All pending motions are terminated as moot.

DATED this 9th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE